

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 22, 2025.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| § | Case No. 24-51308-cag | |
| STEPHANIE ANNE JOHNSON, § | | |
| § | Chapter 7 | |
| Debtor. § | | |

| | | |
|---|---|---|
| GENEVIEVE B. MCGARVEY § | | |
| § | | |
| Plaintiff, § | Adversary No. 24-05065-cag | |
| § | | |
| v. § | | |
| § | | |
| STEPHANIE ANNE JOHNSON § | | |
| § | | |
| Defendant. § | | |

**ORDER DENYING IN PART, GRANTING IN PART, PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (ECF NO. 28)**

Came on to be considered Plaintiff Genevieve B. McGarvey's ("Plaintiff") Motion for Attorney's Fees and Costs (ECF No. 28) ("Motion"); *pro se* Defendant's Stephanie Anne

1

Johnson's ("Defendant")[1] Response ("Response") (ECF No. 31); and Plaintiff's Reply in Support of Plaintiff's Motion for Attorney's Fees and Costs ("Reply") (ECF No. 32).[2] Trial on Plaintiff's Complaint (ECF No. 1) was heard on June 24, 2025. After trial, the Court stated its oral findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052(a) ("FRBP), finding Defendant's debt to Plaintiff nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Court granted a judgment in favor of Plaintiff in the amount of $26,902.46 (ECF No. 28). The Court reserved the issue of attorney's fees and costs, instructing Plaintiff's counsel to file a motion for attorney's fees and costs pursuant to FRBP 7054 and Local Rule 7054-1. Plaintiff's counsel timely filed the instant Motion. For the reasons stated herein, the Court has carefully considered Plaintiff's Motion and **DENIES** Plaintiff's Motion for Attorney Fees, but **GRANTS** Plaintiff's request for Costs. All other relief is **DENIED**.

## JURISDICTION

This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). Plaintiff's Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper under 28 U.S.C. §§ 1408 and 1409. Plaintiff and Defendants consent to a final order or judgment in this Adversary Proceeding.[3] This matter is referred to this Court pursuant to the District Court's Order of Reference.

## BACKGROUND

Plaintiff's claim is based on a state court judgment related to an "Order in Suit to Modify Parent-Child Relationship" dated July 30, 2024 ("SAPCR Case"). The SAPCR Case involved the non-enforcement modification to determine the conservatorship of a minor child. Plaintiff was the

---

[1] James Wilkins represented Defendant at trial but did not file a response to the Motion on her behalf, so Defendant filed her own Response.
[2] "ECF" denotes electronic filing docket number in this Adversary Proceeding.
[3] ECF Nos. 10 and 13.

2

amicus attorney in the state court matter. Defendant, grandmother to the minor child, contested conservatorship of the minor child. The state court appointed Plaintiff as amicus attorney to advise the state court on who should be the conservator to the minor child.[4] After determining that Defendant would not be the primary conservator for the minor child, the state court determined that Defendant would owe Plaintiff for her remaining fees as amicus attorney.

This Court determined that Plaintiff has a nondischargeable debt for unpaid attorney's fees as amicus attorney under 11 U.S.C. § 101(41)(A) and § 523(a)(5).[5] The Court must now decide under Texas Civil Practices and Remedies Code § 38.001(b)[6] if Plaintiff may recover attorney fees and other costs incurred for collection of the valid claim represented by the Judgment in the Adversary Proceeding. Generally, bankruptcy courts can only allow creditors to recover attorney fees in the pursuit of an adversary proceeding if there is a contractual or statutory right, or if some other exception exists under state law; otherwise, all legal fees are governed by the "American Rule;" that is each party bears its own costs and attorney's fees. As explained herein, courts generally find that there is no contract between an amicus attorney and the parent. Here, Plaintiff

---

[4] The Texas Family Code provides:
    (1) "Amicus attorney" means an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child.
TEX. FAM. CODE. ANN. § 107.001 (West 2015).

[5] Unless otherwise noted, all references are to Title 11, 11 U.S.C. _ et seq.

[6] The Texas Civil Practices and Remedies Code states:
    (b) A person may recover reasonable attorney's fees from an individual or organization other than a quasi-governmental entity authorized to perform a function by state law, a religious organization, a charitable organization, or a charitable trust, in addition to the amount of a valid claim and costs, if the claim is for:
    (1) rendered services;
    (2) performed labor;
    (3) furnished material;
    (4) freight or express overcharges;
    (5) lost or damaged freight or express;
    (6) killed or injured stock;
    (7) a sworn account; or
    (8) an oral or written contract.
TEX. PRAC. & REM. CODE § 38.001(b).

does not qualify under any of the exceptions to the American Rule, so she is not entitled to attorney fees for pursuing this Adversary Proceeding. Plaintiff may, however, recover her costs under Local Rule 7054-1(b).[7]

## PARTIES CONTENTIONS

In her Motion, Plaintiff argued that Defendant breached her "quasi contract" with Plaintiff by not paying the Judgment from the SAPCR Case and Plaintiff should be compensated for her attorney fees and costs for having to pursue a determination for dischargeability of debt under § 523(a)(5).

Federal Rule of Civil Procedure 54(d)(2) ("FRCP") requires that a claim for attorney's fees shall be brought by motion, provide the statute or rule that would allow for the payments of attorney's fees, and list the amount of attorney's fees.[8] FED. R. CIV. P. 54(D)(2). Plaintiff argues that she is entitled to attorney fees and costs because the debt (the Judgment), is rightfully characterized as "necessaries," which gives rise to a written contract implied in law, also called a quasi-contract, authorizing Plaintiff to recover for the collection of her valid claim represented by the Judgment.[9] In addition, Plaintiff argues that her amicus attorney fees constitute "services rendered" and "performed labor" under Texas Civil Practices and Remedies Code § 38.001(b)(1) and (2). Simply put, the Plaintiff claims she is quasi-contracted with the Defendant as the amicus

---

[7] Local Rule 7054-1(b) provides that "A party awarded costs shall prepare and file a proposed bill of costs no later than 14 days after the entry of judgment. The proposed bill of costs shall be served on all parties." Suggested guidelines are available on the Court's website.

[8] Local Rule 7054-1(a)(1) provides in relevant part that a party seeking attorney's fees and costs first confer with opposing counsel about any opposition to the requested fees. Local Rule 7054-1(a)(1) also requires a party seeking attorney's fees and costs to provide supporting document to demonstrate that the work was performed at a reasonable rate and amount of time. Plaintiff complied with these requirements.

[9] The Texas Family Code states in part that in a suit to appoint a conservator of a child in which an attorney is appointed as an amicus attorney, the amicus attorney is entitled to reasonable fees and expenses set by the court. TEX. FAM. CODE ANN. § 107.023 (2005). The statute will be amended to include that attorney's fees and costs must be both reasonable and *necessary*. 2025 Tex. Sess. Law Serv. Ch. 593 (H.B. 2524) (VERNON'S); *see also* (ECF 28 at 5).

attorney and entitled to recover her attorney fees for filing and litigating this Adversary Proceeding.

Defendant argues there is no theory of recovery for Plaintiff because there is no contract between the Defendant and the Plaintiff arising from the state court custody case. Defendant posits that Plaintiff "vainly attempt[s] to cobble together a meritless argument" that there is some sort of "contract" between Defendant and the Plaintiff rooted in Texas Civil Practices and Remedies Code § 38.001.[10] The Defendant argues there are multiple cases that have analyzed this exact issue and ruled that there is no contractual obligation between an amicus attorney and the parent. The Defendant contends that the amicus attorney does not represent the child or either parent; therefore, the amicus attorney has no contractual relationship with Defendant.[11]

## DISCUSSION

### ATTORNEY'S FEES

The Bankruptcy Code does not reference whether attorney's fees are recoverable when succeeding in a non-dischargeability lawsuit against a debtor. The "American Rule" controls, and each party bears their costs for their attorney's fees. ***Tony Gullo Motors I, L.P. v. Chapa***, 212 S.W.3d 299, 310–11 (Tex. 2006). Further, to prevail on a claim for attorney's fees, the party must have a basis in contract that contains a fee-shifting provision or statute. ***Asarco, L.L.C. v. Baker Botts, L.L.P. (In re ASARCO, L.L.C.)***, 751 F.3d 291, 301 (5th Cir. 2014), *aff'd*, 576 U.S. 121 (2015). This applies to bankruptcy litigation. ***Cadle Co. v. Martinez (In re Martinez)***, 416 F.3d 1286, 1288 (11th Cir. 2005); ***Gugino v. Clark's Crystal Springs Ranch, LLC (In re Clark)***, 525 B.R. 107, 130 (Bankr. D. Idaho 2014), *aff'd on other grounds*, 692 Fed. Appx. 946 (9th Cir.

---

[10] (ECF 31 at 2).
[11] *See **In the Interest of I.M.M. and K.R.M., Children***, No. 01-17-00415, 2019 WL 1768998, at *6 (Tex. App.—Houston [1st Dist.] 2019, pet. struck) (holding amicus attorney does not represent the child or parent and that an amicus attorney is appointed specifically to assist the court).

5

July 12, 2027). "[I]n adherence to that so-called 'American Rule,' 'attorneys' fees are not taxable as costs or recoverable as damages in an adversary proceeding unless such fees are authorized by statute or through an enforceable contract between the parties.'" *Tackett v. McCracken (In re McCracken)*, No. 14-4100, 2015 WL 1402888, at *12 (Bankr. E.D. Tex. Mar. 24, 2015) (quoting *First United Bank & Trust Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 439 (Bankr. E.D. Tex. 2013)).[12]

As discussed herein, Texas law governs whether a statute allows for the award of attorney's fees. Nonetheless, the Fifth Circuit has held that creditors can recover attorney's fees if, and only if, there is a contractual or statutory right to them under state law. *Jordan v. Southeast Nat'l Bank (In re Jordan)*, 927 F.2d 221, 226–27 (5th Cir. 1991); *Luce v. First Equip. Leasing Corp. (In re Luce)*, 960 F.2d 1277, 1285–86 (5th Cir. 1992). The Fifth Circuit has not ruled on whether an amicus attorney appointed under the Texas Family Code has a quasi-contractual relationship with the parties in a state conservatorship proceeding.

Nonetheless, there is a statutory directive to construe Chapter 38 of the Texas Civil Practice and Remedies Code broadly to promote its underlying purposes. TEX. CIV. PRAC. & REM. CODE ANN. § 38.005 (2014); *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 388 (Tex.2011). A directive to interpret a statute liberally does not grant authority to alter its language or meaning. *Schwertner Backhoe Ser., Inc. v. Kirk, (In re Kirk)*, 525 B.R. 325, 335 (Bankr. W.D. Tex. 2015). The Texas Civil Practice and Remedies Code does not contain a fee-shifting provision, nor is it a contractual provision itself. *Id.* at 334–35.

Bankruptcy Courts have refused to permit a creditor to recover post-petition attorney's fees

---

[12] This Court has previously held that absent a contract or statute, a party may not recover attorney's fees for litigating a dischargeability action under 11 U.S.C. § 523. *Guse v. Carter (In re Carter)*, No. 22-05041, 2024 WL 2123648, at *5–6 (Bankr. W.D. Tex. May 10, 2024); *Key Equip. Fin v. Cyr (In re Cyr)*, No. 19-05008, 2020 WL 3119068, at *3 (Bankr. W.D. Tex. June 20, 2020) (Gargotta, J.).

when the creditor is forced into additional litigation by a debtor's bankruptcy filing to protect its judgment against discharge, no matter how equitable it may be. ***Tritt v. Tritt (In re Tritt)***, No. 12-4186, at *29, 2014 WL 1347763, at *9 (Bankr. E.D. Tex. Apr. 4, 2014). The ***Tritt*** Court noted that Congress has not yet established a legal framework that allows a creditor in these circumstances to avoid the effects of the American Rule, but other courts have noted exceptions to the American Rule. *Id*. For example, these exceptions to the American Rule apply when (1) a statute authorizes, (2) there is a contractual obligation, (3) when a litigant has deliberately disobeyed a court order, (4) when a litigant has acted in bad faith, and (5) when a litigant recovers a common fund for the benefit of a group. ***Sorrell v. Elec. Payment Sys. (In re Sorrell)***, 292 B.R. 276, 289 (Bankr. E.D. Tex. 2002). Plaintiff here asserts that Texas law allows Plaintiff to recover her attorney's fees in this adversary proceeding.

In ***Tritt v. Tritt (In re Tritt)***, the Bankruptcy Court for the Eastern District of Texas clarified the significant hurdle a creditor must overcome to obtain a nondischargeable award of attorney's fees: the underlying fee-shifting statute or contract must authorize fees specifically for the actions taken to establish the debt's nondischargeability. 2014 WL 1347763, at *9. In ***Tritt***, the court held that pre-petition attorney's fees awarded by a family court were nondischargeable under § 523(a)(15) as a "debt" owed "to a spouse," consistent with the statutory language. *Id.* at *5-6. The court distinguished those fees from the additional fees incurred in litigating the dischargeability itself. *Id.* The court found that these later fees were not nondischargeable because the applicable Texas statute did not provide for such recovery in that context, explaining:

> While §106.002 of the Texas Family Code created a statutory exception to the American Rule by providing for a recovery of attorney's fees necessarily incurred by a party in a suit affecting the parent-child relationship, that exception cannot be extended to authorize a recovery of additional fees under the statute when such fees are incurred, not in such a suit, but rather in an action seeking a dischargeability determination in a bankruptcy court—a scenario that the cited fee-shifting statute

7

under Texas law simply does not contemplate.
*Id.* at *9.

In *Tackett v. McCracken (In re McCracken)*, the Bankruptcy Court for the Eastern District of Texas similarly held that the award for attorney's fees for the SACPR order should be declared nondischargeable; however, the recovery of attorney's fees incurred in prosecuting the adversary proceeding should be denied. 2015 WL 1402888, at *12 (Bankr. E.D. Tex. Mar. 25, 2015). Judge Bill Parker stated that there is no exception to the American Rule when a creditor pursues an adversary proceeding, declaring:

> ["[I]t is clear that *Cohen* does not itself create an independent right to attorney's fees for the benefit of a party who prevails in a dischargeability proceeding."]. Thus, while state statutory law allowing for an award of attorney's fees may have been previously invoked in a pre-petition action in state court that established the liability of a debtor-defendant for a debt, there is simply no statutory vehicle by which attorney's fees subsequently incurred by such a creditor in a bankruptcy adversary proceeding to render that debt nondischargeable can be assessed against a debtor-defendant. *Renfrow v. Draper (In re Draper)*, 232 F.3d 688, 696 (9th Cir. 2000); *Jonatzke*, 478 B.R. at 869; *Adamovic v. Lazarevic (In re Lazarevic)*, 2013 Bankr. LEXIS 3030, 2013 WL 3934010 at *35 (Bankr. E.D. Tenn., July 29, 2013). Without a contractual provision or applicable statutory authority, the American Rule applies.

*Id.* at *6.

At least one Texas court in an unreported decision acknowledged that there is no implied contract between an appointed amicus attorney or any of the parties in a conservatorship case. In *Mustafa v. Pennington*, the Texas Third Court of Appeals ruled the plaintiff did not satisfy the first element for breach of express or implied contract—"the existence of a contract between the parties." No. 03-18-00081, 2019 WL 1782993 at *4 (Tex. App.—Austin, Apr. 24, 2019, no pet. h.). The plaintiff, in the context of a conservatorship proceeding, sought to sue an amicus attorney on the basis that the defendant (the amicus attorney) breached his duty under the Family Code. *Id.* at *2. Mustafa argued that there was an implied contractual relationship between himself and the

8

amicus attorney and that Pennigton's breach of those contractual duties gave rise to damages. *Id*. However, the Third Court of Appeals reasoned that appointment of an amicus attorney is "to assist the court, not to represent the child or either of the parents," and "it is the trial court, not the parties, to whom the amicus attorney is responsible for the limited purposes delineated in the statute." *Id.* at *4; TEX. FAM. CODE § 107.001(1). Therefore, there was no authority that an amicus attorney owes contractual duties under a court order requiring a parent to pay the attorney fees. *Mustafa*, 2019 WL 1782993 at *4.

Plaintiff acknowledges in her Motion that the Bankruptcy Code does not provide for the payment of attorney's fees to a prevailing plaintiff in a dischargeability action.[13] Rather, Plaintiff argues that there is a quasi-contract between the parties and that Plaintiff's attorney's fees may characterized as necessaries under § 107.023 of the Texas Family Code and therefore compensable. As noted herein, no court in Texas or federal court has held that there is a contractual relationship between an amicus attorney appointed under the Family Code and the parties to a conservatorship proceeding. Further, the. § 151.001(c) of the Texas Family Code states "a *parent* who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed." TEX. FAM. CODE ANN. § 151.001(C) (emphasis added). A grandparent is not a liable parent under this provision for necessaries. Moreover, the Texas Supreme Court has held that that the Texas Legislature did not intend to provide trial courts with discretion to characterize attorney's fees incurred by a party in a non-enforcement modification suit as necessaries. *Tucker v. Thomas*, 419 S.W. 3d 292, 300 (Tex. 2013). In reaching this conclusion, the Texas Supreme Court noted:

> Further, the Legislature has specifically provided trial courts with discretion to characterize fees awarded to an amicus attorney, attorney ad litem, or guardian ad litem appointed under Chapter 107, Subchapter B, Part 2 as necessaries, but it has

---

[13] (ECF 28 at 5).

> not done the same for attorney's fees awarded to a party in a Chapter 156 modification suit. *Id.* § 107.023. Because Chapter 156 is devoid of similar authorization, we conclude that the Legislature did not intend to provide trial courts with discretion to characterize attorney's fees incurred by a party in a non-enforcement modification suit as necessaries. *Cf. Quick v. City of Austin,* 7 S.W.3d 109, 122–23 (Tex.1998) ("[W]hile the Legislature clearly was well-versed in drafting statutes that explicitly provided that a local act was not effective until approved by the Commission, the Legislature chose not to include such an express provision [here]. We presume that this omission has a purpose."); *see also In re V.L.K.,* 24 S.W.3d 338, 343 (Tex.2000) (holding that Chapter 153's statutory presumption that a child's best interest is served by awarding custody to the parent in original custody proceedings does not apply in Chapter 156 modification proceedings in the absence of a similar provision in Chapter 156).

*Id*.

Further, Plaintiff's suggestion that an amicus attorney's fees for pursuing a dischargeability action are "labor performed" is without merit. To begin, there is no case or statutory provision under the Family Code that quantifies a request for attorney's fees in this context as "labor performed." The conventional way of determining what constitutes "labor performed" is reserved for persons who perform manual services in construction and/or one who labors with his or her hands. *See* **Tenneco Oil Co. v. Padre Drilling Co.**, 453 S.W. 2d 814, 820 (Tex. 1970) (noting that "labor performed" for cases involving a request of attorney's fees is generally reserved for situations involving manual labor). Finally, Plaintiff's assertion that her attorney's fees in pursuing this dischargeability action constitutes "personal services" under the Family Code is also without merit. The Fifth Circuit in **Kingsley v. Baker/Beech-Nut Corp.**, 546 F.2d 1136, 1139 (5th Cir. 1977) offered a more reasonable interpretation of what "rendered services" is by applying it to employer/employee relationships involving the termination of an employee and whether the employee could sue for "rendered services" and attorney's fees. This application of "rendered services" to an employee/employer relationship is a more plausible application of what constitutes "rendered services" than where an amicus attorney seeks attorney's fees for enforcing the payment

10

of her attorney's fees in a bankruptcy adversary proceeding. The Court could not discern any statutory basis for construing "rendered services" applies to the dischargeability actions involving amicus attorney's fees.

Finally, Plaintiff implores this Court to use its equitable powers in granting her request for attorney's fees. The Court notes that the Supreme Court held long ago that "equity follows the law" and that a court should not rely on equity where the law does not prescribe a remedy. ***Hedges v. Dixon Cnty.***, 150 U.S. 182, 192 (1893).

The Court finds that the prior state judgment for payment of attorney's fees cannot serve as a substitute for a contract such that Defendant is contractually obligated to pay Plaintiff for her attorney's fees in litigating this Adversary Proceeding. As such, the Plaintiff's request for attorney's fees under FRCP 54(d)(1) and Local Rule 7054-1 is denied.

## COSTS

This Court has, however, found that even where there is no statutory or contractual basis for attorney's fees, a plaintiff's in-court costs, plus interest are compensable under FRCP 54(d)(1). ***In re Cosas Claras, LP. See JFMPC, LLC v. JTL JV, LLC (In re Cosas Claras, LP.)***, No. 22-05049, 2024 WL 3258801 at \*6, (Bankr. W.D. Tex. July 1, 2024), *appeal docketed*, No 24-00231 (W.D. Tex. July 29, 2024). In that case, this Court held that the plaintiffs were not statutorily or contractually entitled to attorney's fees. *Id.* at \*17. This Court found it was acceptable that court costs should be recovered with accompanying interest. *Id.* at \*6. "Pursuant to Federal Rule of Civil Procedure 54(d)(1), in the absence of other statutes, rules or court orders, costs should be granted for the prevailing party." *Id*.

On July 8, 2025, Plaintiff timely requested costs, expenses, and post-judgment interest along with attorney fees. Applying this Court's previous reasoning in ***In re Cosas Claras, LP***,

11

Plaintiff should be entitled to her court costs plus interest as the prevailing party pursuant to FRCP 54(d)(1).

## CONCLUSION

Based on the analysis of the applicable bankruptcy and state law, the Court denies the Plaintiff's request for attorney's fees incurred in connection with the Adversary Proceeding. Under the prevailing legal standard—commonly referred to as the "American Rule"—parties are responsible for bearing their legal fees unless a statutory or contractual basis exists to shift such costs.

In this case, Plaintiff has not demonstrated the existence of any contractual agreement or statutory provision that would entitle her to attorney fees. Additionally, no applicable exception under state law has been identified. Courts have held that no contractual relationship exists between an amicus attorney and a parent, and thus no legal basis for fee recovery can be inferred from such a relationship between a grandparent and amicus attorney. Plaintiff may recover court costs as the prevailing party under FRCP 54(d)(1). According to Plaintiff's counsel's affidavit attached to Plaintiff's Motion, Plaintiff incurred $1,181.87 in court costs with interest at the federal judgment rate.[14]

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs is **DENIED IN PART** and **GRANTED IN PART**.

# # #

---

[14] (ECF No. 28, Exhibit 1).